Dear Sheila McDonald Executive Secretary, Board of Public Works
You have asked for our opinion concerning a State statute that authorizes the Board of Public Works ("Board") to grant compensation to an individual who has been erroneously convicted and incarcerated and who has been pardoned by the Governor. In particular, you asked whether there is any impediment to compensation under that statute if a court overturns the conviction before the Governor acts.
In our opinion, the Board of Public Works may grant compensation to such an individual even if the conviction has been vacated by a court prior to the issuance of a pardon.[1]
 I. Compensation Statute
Under Annotated Code of Maryland, State Finance Procurement Article ("SFP") § 10-501 State Finance Procurement, the Board may grant an erroneously convicted individual "an amount commensurate with the actual damages sustained by the individual due to confinement." SFP § 10-501 State Finance Procurement (a).
The amount may be paid in a lump sum or in installments. SFP § 10-501 State Finance Procurement (c). An individual is eligible for such a grant only if he or she has received a full pardon from the Governor
 II Governor's Pardon Authority
The State Constitution gives the Governor relatively unrestricted power to grant pardons, subject to limited exceptions and certain procedural requirements. It provides:
 He shall have power to grant reprieves and pardons, except in cases of impeachment, and in cases, in which he is prohibited by other Articles of this Constitution; and to remit fines and forfeitures for offenses against the State; but shall not remit the principal or interest of any debt due the State, except, in cases of fines and forfeitures; and before granting a nolle prosequi, or pardon, he shall give notice, in one or more newspapers, of the application made for it, and of the day on, or after which, his decision will be given; and in every case, in which he exercises this power, he shall report to either Branch of the Legislature, whenever required, the petitions, recommendations and reasons, which influenced his decision.
Maryland Constitution, Article II, § 20.
The Legislature has also set forth certain procedures for pardons in statute.[2] See Annotated Code of Maryland, Correctional Services Article ("CS"), § 7-601 et seq. In particular, "[on giving the notice required by the Constitution, the Governor may . . . pardon an individual convicted of a crime subject to any conditions the Governor requires. . . ." CS § 7-601(a)(2). The pardon must be in the form of a written executive order signed by the Governor under the State seal, and must indicate whether it is a partial or full pardon. CS § 7-601 (b).[3]
The grant of a pardon is not contingent on a showing that the conviction was erroneous or that the individual was innocent of the crime charged. Indeed, the Legislature has indicated that the granting of a pardon does not ordinarily call into question the legitimacy of the individual's conviction. CS § 7-601 (c) reads:
 There is a presumption that the grantee of a pardon was lawfully and properly convicted of a crime against the State unless the order granting the pardon states that the grantee has been shown conclusively to have been convicted in error.
(emphasis supplied). However, as noted above, the Legislature has conditioned the availability of compensation for a pardoned individual on a finding by the Governor that the conviction was erroneous.
 III. Analysis
The answer to your question turns on whether the Governor may pardon an individual who was once convicted, but whose conviction has since been overturned by a court. One could construe the Governor's pardon authority to extend only to an individual who stands convicted at the time he or she applies for, or receives, a pardon. However, the State Constitution, which is the source of the Governor's pardon authority, does not restrict the authority in that way. Indeed, the Constitution includes within the pardon authority the ability to grant a "reprieve" or a "nolle prosequi," indicating that the Governor's authority extends to individuals not currently convicted.
Moreover, the pardon legislation enacted by the General Assembly clearly recognizes that the Governor may pardon the innocent, as well as the guilty. There is no suggestion that the Governor's authority to pardon an innocent person is premised upon inaction by a court or prosecutor when the individual's innocence becomes manifest. Thus, in our view, the Governor may pardon an individual even after a court has set aside the individual's conviction.
 IV Conclusion
In our opinion, an individual who has been erroneously convicted and confined is eligible for a pardon, notwithstanding the fact that a court has set aside the conviction.
Therefore, if the Governor grants a pardon stating that it has been conclusively shown that the conviction was erroneous, the Board of Public Works has discretion under SFP § 10-501 STATE FIN. PROC to grant compensation to that individual.
J. Joseph Curran, Jr.
Attorney General
William R. Varga Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions and Advice
[1] The analysis in this opinion originally appeared in a letter of advice relating to a specific case, which resolved differing conclusions suggested by advice rendered by this Office in prior cases. 
[2] The Legislature may supplement the Governor's pardon authority by statute. See Letter from Assistant Attorney General Robert A. Zarnoch to Delegate John J. Bishop (March 25, 1991).
[3] Other procedural requirements may also pertain. For example, if the petitioner is in the custody of the Division of Correction, under certain circumstances, the Division is required to notify a victim that the petitioner is being considered for a pardon. See CS § 7-805. "stating that the individual's conviction has been shown conclusively to be in error." SFP § 10-501(b). *Page 76